IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-cr-51-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TERRY DONNELL HARRISON | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is denied.

## BACKGROUND

In July 2017, the Court sentenced defendant to 96 months' imprisonment following his guilty plea to one count of distribution and possession with the intent to distribute a quantity of cocaine base. He is currently at USP Hazelton and is scheduled for release in July 2023. In May, defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule is compassionate release. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

---

[1] Pub. L. 115-391, 132 Stat. 5194.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). The commentary to section 1B1.13 of the United States Sentencing Commission's advisory *Guidelines Manuel* provides criteria—generally concerning the age, medical condition, and family circumstances of the defendant—for determining whether extraordinary and compelling circumstances are present. U.S.S.G. § 1B1.13, comment. n.1. In addition, when ruling on the motion, a court must consider the 18 U.S.C. § 3553(a) factors.

Here, the § 3553(a) factors caution against relief. Defendant was convicted of a serious drug trafficking offense. This offense followed years of criminal activity resulting in numerous convictions of all variety, and defendant racked up 32 criminal history points before the instant offense. After considering the relevant factors, the Court believes that the sentence imposed in this case remains sufficient, but not greater than necessary, to advance the purposes of sentencing set forth § 3553(a). The Court, therefore, denies defendant's motion.

## CONCLUSION

Defendant's motion for compassionate release [DE 71] is DENIED. The motion to seal [DE 82] defendant's medical records is GRANTED.

SO ORDERED, this __14__ day of August, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE